WALTER CHARRON v. PINE TREE LUMBER COMPANY.

May 11, 1900.

Nos. 12,026—(205).

**Work and Labor—Error to Direct Verdict.**

Evidence considered, and *held* that the trial court should have submitted the issues of fact in this case to the jury, and that the direction for a verdict in favor of the plaintiff for the amount demanded in the complaint was error.

Action in the district court for Morrison county to recover $52.05 and interest for the services of a man and team furnished to defendant at its request. The case was tried before Searle, J., who directed a verdict in favor of plaintiff for the amount demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Lindbergh & Blanchard,* for appellant.

*Nathan Richardson* and *John W. White,* for respondent.

LOVELY, J.

Action to recover for the labor and services of a man and team, alleged to have been furnished to defendant between specified dates. The issue, as litigated, was whether these services were furnished by and belonged to plaintiff, who was the owner of the team and son of the person who performed the services (one Henry Charron), or whether the hiring and employment of the father was in fact a contract between such father and defendant. It was also an important question, in view of the disposition of the case, whether during the time such services were rendered the defendant had any knowledge that the compensation for the services of Henry Charron (the father) belonged to his son. The case was tried to a jury, and at the close of the evidence the court directed a verdict in favor of the plaintiff for the full amount claimed. Defendant moved for judgment, or, in the alternative of its denial, for a new trial, which motion was denied, and from the denial of the order as a whole this appeal is taken.

The facts disclosed by the evidence reasonably tend to show that plaintiff was the son of Henry Charron, and that they lived together. The son owned a team, which he hired to his father; and upon the statement of himself and father both made an arrangement whereby the use of such team and the services of the father should belong to the son. The father then hired out to the defendant, and worked for the latter several months. The transaction constituting the contract of hiring was between the father and the yard superintendent of defendant company. In this transaction the father, who had previously worked for defendant, concededly for himself, did not disclose the fact that the services he was to render belonged to the son. The father collected the wages due, and claims to have passed them over to the son from time to time. All transactions between the father and the company were ostensibly in the name of the father, except that the defendant's timekeeper, who had no other duties to perform than to keep the time of the laborers at work for the company, testified that he had

been told by the father, before the hiring, that he was working for his son. The timekeeper, however, was not requested to tell the defendant of this fact, and never furnished information thereof to the company, or any servant authorized to act upon such knowledge, and in fact entered the time of Henry Charron (the father) in his own name.

Henry Charron was indebted to a third party, who levied upon his wages, and the company paid over the same on execution to the judgment creditor. After the evidence tending to show these facts had been received, and plaintiff had rested, the defendant offered as evidence the judgment roll in the suit against the father, also the levy by execution therein upon his wages, to justify its payment of the same to the judgment creditor. This evidence was excluded by the court. We think the learned trial court erred in refusing to submit the issue upon the ownership of the claim for wages and of notice thereof to the defendant, as well as upon the refusal to receive evidence of the judgment and execution against Henry Charron.

That the father was indebted to third parties; that the real agreement of hiring was wholly between himself and the defendant; that he drew the pay in his own name, without giving any information to his employer of what he afterwards claimed to be the real facts, might furnish a view of the situation indicating a doubt as to the agreement between father and son and suggest reasons to question the same sufficient to require the submission to a jury of this issue,—seems quite clear. The notice to the timekeeper, whose duty was not to receive or transmit the real facts concerning the relations of these parties to the defendant, as well as the credibility of his statements made against his actual entry of different facts on his time book, would not be a notice to the company which would bind defendant. And if the father hired out, and received money in his own name, with the consent of his undisclosed principal, the defendant was not to be prejudiced by acting upon its actual knowledge, and the judgment in favor of the execution creditor upon a proper levy was binding upon it, and this evidence should have been received.

Order reversed, and a new trial granted.